# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RODERICK HARRIS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 2:17-cv-2443 |
| ) | No. 2:13-cr-20142 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## ORDER

Before the Court is Movant Roderick Harris' June 27, 2017 Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (Cv. ECF No. 1.) The United States of America responded on July 3, 2019. (Cv. ECF No. 6.) Harris has not replied, and the time to do so has passed.

For the following reasons, the Court DENIES Harris' motion and DENIES a certificate of appealability. Leave to appeal <u>in forma pauperis</u> is DENIED.

## I. Background

In January 2014, Harris pled guilty to conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C). (Cr. ECF No. 310.) The United States Probation Office deemed Harris a career offender under Section 4B1.1 of the United States Sentencing Guidelines

based on four prior convictions: (1) sale of a controlled substance; (2) aggravated burglary; (3) possession of a controlled substance with intent to sell; and (4) especially aggravated robbery. (See generally Presentence Investigation Report.) On June 20, 2014, the Court sentenced Harris as a career offender to a term of 139 months in prison and three years' supervised release. (See Cr. ECF No. 438.) Harris did not appeal.

Harris filed this § 2255 motion on June 27, 2017. He argues that under United States v. Johnson, 135 S. Ct. 2551 (2015), he is not a career offender and that he is entitled to resentencing.

## II. Legal Standards

Harris seeks relief under 28 U.S.C. § 2255. Under § 2255,

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"To succeed on a § 2255 motion, a prisoner in custody must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" McPhearson v. United States, 675 F.3d 553, 558–59 (6th

2

Cir. 2012) (quoting Mallett v. United States, 334 F.3d 491, 496–97 (6th Cir. 2003)).

After a movant files a § 2255 motion, the court reviews it and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion[.]" Rules Governing Section 2255 Proceedings for the U.S. District Courts ("§ 2255 Rules") at Rule 4(b). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Id. The § 2255 movant is entitled to reply to the government's response. Id. at Rule 5(d).

## III. Analysis

Harris' motion is untimely. Generally, a § 2255 motion must be filed within a year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The Court entered judgment on June 20, 2014. (Cr. ECF No. 438.) Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), Harris had fourteen days after the entry of the judgment, or until July 5, 2014, to file a notice of appeal. Because Harris failed to file a notice of appeal, the judgment became final on July 5, 2014. See Johnson v. United States, 457 F. App'x 462, 464–65 (6th Cir. 2012). Harris had until July 5, 2015, to file his § 2255 motion.

3

Harris filed this § 2255 Motion in 2017, well beyond the expiration of the one-year limitations period.

Harris relies on an exception to this general rule: a § 2255 motion remains timely if it is filed within a year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Harris argues that his § 2255 motion is timely, under 28 U.S.C. § 2255(f)(3), because he filed the motion within one year of the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016). Harris appears to argue that, under Mathis, his convictions for aggravated burglary and especially aggravated robbery no longer qualify as "crimes of violence" under the Armed Career Criminal Act (the "ACCA") and that his sentence was impermissibly enhanced.

Mathis is a case of statutory interpretation. Generally, courts use the "categorical approach" to determine whether a § 2255 movant's conviction counts as a violent felony under the ACCA: "[t]o determine whether a past conviction qualifies [under the ACCA], courts compare the elements of the crime of conviction with the elements of the 'generic' version of the listed offense –— i.e. the offense most commonly understood." Id. at 2248. In so doing, courts are limited to the language of the statute only. Id. at 2251–52 (collecting cases). When, instead, the state

4

statute is "divisible" -- when there are multiple alternative ways to commit the crime -- a court may use the "modified categorical approach," which allows it to look at a specified category of case documents to ascertain the § 2255 movant's actual criminal conduct and determine whether it fits within the common understanding of the generic enumerated crime.  Id. at 2249.  In Mathis, the Supreme Court held that courts could not apply the modified categorical approach to interpret indivisible statutes and must therefore rely solely on the text of the statute.  Id. at 2253.

Mathis did not announce a new, retroactively applicable rule of constitutional law.  In re Conzelmann, 872 F.3d 375, 376 (6th Cir. 2017) ("The Court's holding in Mathis was dictated by prior precedent . . . .").  Harris' reliance on Mathis does not make his motion timely under 42 U.S.C. § 2255(f)(3).  Because Harris did not file his § 2255 motion within the one-year statute of limitations and no provision in 28 U.S.C. § 2255(f) is applicable, his claims are time-barred.  Harris' § 2255 motion is DENIED.

**IV. Appeal**

Twenty-eight U.S.C. § 2253(a) requires a district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

5

The COA must state the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); see also Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005).

When a district court has denied a § 2255 motion on procedural grounds without reaching the movant's underlying constitutional claims, a certificate of appealability will issue only if the movant can show (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the procedural ruling was correct. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, Harris' motion was filed well beyond the expiration of the one-year limitations period applicable to § 2255 actions.

6

Harris' argument that § 2255(f)(3)'s savings clause applies is foreclosed by binding precedent.  Harris does not argue that any other savings clause in § 2255(f) applies or that a tolling of the limitations period would be appropriate.  No reasonable jurists would find the untimeliness of this action debatable.  The Court DENIES a COA.

To appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).  Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, a prisoner must file his motion to proceed in forma pauperis in the appellate court.  See Fed. R. App. P. 24(a)(4)-(5).  Because Harris is clearly not entitled to relief, the Court has denied a certificate of appealability.  It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal in forma pauperis is DENIED.

**V. Conclusion**

For the foregoing reasons, the Court DENIES Harris' motion and DENIES a certificate of appealability.  Leave to appeal <u>in forma pauperis</u> is DENIED.


So ordered this 5th day of September, 2019.


                                            /s/ *Samuel H. Mays, Jr.*
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE